# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Petro Siruk,<br><br>            Plaintiff,<br><br>v.<br><br>Paul Kendall, Erick McAllister, Todd Frisinger, Assurance Partners a.k.a. Trust Capital, North Mill Equipment Finance a.k.a. ESF Credit, and Quality Truck Care Center,<br><br>            Defendants. | Case No. 20-cv-2270 (JRT/ECW)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff Petro Siruk's application for leave to proceed *in forma pauperis,* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1). (Dkt. 2.) The underlying Complaint is short and lacks the requisite specificity. (Dkt. 1.)[1] Typically, the Court considers the IFP application before any other

---

[1] This case is the fourth of nine filed by Petro Siruk and/or Petro & Marina Siruk from mid-April 2019 to present. U.S. Magistrate Judge Tony N. Leung recently issued a Report & Recommendation wherein he numbered the nine cases for ease of reference. *See Siruk et al. v. State of Minnesota et al.*, 20-cv-2385 (NEB/TNL) (D. Minn. Jan. 14, 2021) *report and recommendation* [hereinafter *Siruk VI R&R*]. This Court will adopt the same numbering system, which is as follows: *Siruk v. Assurance Partners LLC et al.*, No. 19-cv-1021 (NEB/SER) (voluntarily dismissed July 24, 2019) (Petro) [*hereinafter Siruk I*]; *Siruk et al v. Cofman et al.*, 20-cv-1639 (NEB/DTS), *report and recommendation adopted*, 2020 WL 6434789, at *1 (D. Minn. Nov. 2, 2020) [hereinafter *Siruk II R&R*] (dismissed for failure to state a claim and lack of jurisdiction); *Siruk v. Misheloff et al.*, No. 20-cv-2269 (PJS/HB) (Petro) [hereinafter *Siruk III R&R*]; **Siruk v. Kendall, No. 20-cv-2270 (JRT/ECW) (Petro) [hereinafter *Siruk IV*]**; *Siruk et al. v. State of Minnesota*

action may be taken, however where a complaint contains obvious defects, the Court may review the contents of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level. . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege

---

*(City of Elk River) et al.*, No. 20-cv-2373 (WMW/KMM) (Petro & Marina) [hereinafter *Siruk V*]; *Siruk VI*, No. 20-cv-2385 (NEB/TNL) (Petro & Marina); *Siruk v. Healthy Beverage Company*, No. 20-cv-2431 (ECT/DTS) (Petro) [hereinafter *Siruk VII*]; *Siruk v. State of Minnesota et al.*, No. 20-cv-2667 (SRN/ECW) (Petro) [hereinafter *Siruk VIII*]; *Siruk v. Mazur et al.*, No. 21-cv-0054 (JRT/HB) (Petro) [hereinafter *Siruk IX*].

sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." "The words 'short and plain' are themselves short and plain, and they mean what they say: A complaint must be concise, and it must be clear." *Gurman v. Metro Housing and Redevelopment Auth.*, 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011). In other words, the complaint "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Adams v. Am. Family Mut. Ins. Co.*, 813 F.3d 1151, 1154 (8th Cir. 2016) (quotation omitted).

Mr. Siruk's one-page complaint contains very barebones allegations. He writes, "the causal agent of the trespass, comes by way of its use of sharing private property in form of private personal information without prior obtaining consent, and or approval, misrepresentation, breach of verbal agreements, threats; duress, coercion, obtaining property the wrong-way." (Dkt. 1 at 1.) He adds that the trespass does harm and injury to his property, and that the wrong started in December of 2015 and continues to present. (*Id.*) These allegations are strikingly similar to those presented in *Siruk III*, a case filed on the same day as this one. *See Siruk v. Misheloff et al.*, Case No. 20-cv-2269-PJS/HB (D. Minn. 2020) (Complaint (Dkt. 1).)[2] The primary difference between the two

---

[2] Dismissal was recently recommended in *Siruk III*. *See Siruk III*, 20-cv-2269 (PJS/HB) (Dkt. 4) [*hereinafter Siruk III R&R*] (recommending dismissal for failure to state a claim and for lack of jurisdiction).

complaints is that the first concerns different discrete dates between December 2015 to present, and the present case concerns slightly broader allegations about misrepresentations, duress, et cetera.  None of these allegations are sufficiently detailed to bring a claim in federal court.  None of the allegations have any obvious relation to federal law, nor is it clear what Mr. Siruk alleges that the defendants did to actually harm him or his property.  Without the most basic understanding of the factual or legal foundation for the claims, the case is insufficiently pled.  Therefore, this Court could recommend dismissal on the basis of failure to state a claim under § 1915(e)(2)(B)(ii).

Additionally, Mr. Siruk's complaint is deficient because he does not identify an adequate basis for jurisdiction. (Dkt. 1 at 2.)  As the *Siruk III & VI R&Rs* noted, Rule 8(a)(1) of the Federal Rules of Civil Procedure requires a pleading to contain a short and plain statement of the grounds for the court's jurisdiction. Fed. R. Civ. P. Rule 8(a)(1).  There are two basic grounds for federal jurisdiction—federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.  Federal question jurisdiction is invoked by a claim that relies on the Constitution or laws of the United States.  28 U.S.C. § 1331.  In order for a court to have diversity jurisdiction over a dispute based upon 28 U.S.C. § 1332, each plaintiff must be diverse from, or have a different citizenship than, each defendant and the amount in controversy must exceed $75,000.  *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978); 28 U.S.C. § 1332.  Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

4

Mr. Siruk does not expressly state whether he intends to rely on federal question jurisdiction or diversity jurisdiction, so this Court will assess both possibilities based on the information presented on the face of the pleadings.  First, as to federal question jurisdiction, Mr. Siruk used the same approach in all seven recently filed cases.  He included a one-page document labeled "notice: jurisdiction" with the complaint.  (Dkt. 1 at 2.)  In the notice he alleges that a federal court is a court of record, with a magistrate independent of the tribunal, and that a court of record acts in accordance with common law.  (*Id.*)  He additionally writes that, "[s]uits in common law, the right of trial by jury shall be preserved; Seventh Amendment."  (*Id.*)  Mr. Siruk's only apparent invocation of federal question jurisdiction in this statement is his citation of the Seventh Amendment.  Several judges in this District have already explained to Mr. Siruk in *Siruk II, III* and *Siruk VI* that the Seventh Amendment does not provide an independent source of jurisdiction.  *See Siruk II R&R*; *Siruk III R&R; Siruk VI R&R*.  Precedent from other courts supports this conclusion.[3]  In light of this Court's previous analysis in *Siruk II, III*

---

[3]   The Seventh Amendment refers to federal common law which is extremely narrow.  *See, e.g.*, *L-3 Commc'ns Corp. v. Serco Inc.*, 39 F. Supp. 3d 740, 745 (E.D. Va. 2014) ("[F]ederal common law is rare and as a threshold matter, a case must implicate 'uniquely federal interests for federal common law to apply.'); *see also, e.g.*, *U.S. Bank Nat'l Assoc. as Trustee for Lehman XS Trust v. Chang*, 2019 WL 2574751 (E.D. Cal. 2019) (removal to federal court of a mortgage foreclosure action was denied because the defendants failed to show how the Seventh Amendment was actually and substantially disputed on the face of the pleadings, and thus failed to demonstrate that the case had a significant issue of federal law); *Karlin v. Martin*, 153 F.3d 727 (table), 1998 WL 396567 (10th Cir. 1998) (declining to address a sovereign citizen's argument that he was entitled to a jury trial under the Seventh Amendment because the right to a jury trial does not apply when a party is entitled to judgment as a matter of law); *see also City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687 (1999) (finding that a claim for monetary compensation under § 1983 fell within the Seventh Amendment whereas a

*and VI*, and relevant precedent, this Court concurs that jurisdiction is not established by the Seventh Amendment alone. Therefore, Mr. Siruk has not successfully established federal question jurisdiction in the present matter.

Turning to diversity jurisdiction, Mr. Siruk alleges that he notified the defendants of this lawsuit at addresses in California, Connecticut, and Wisconsin, while his own address is in Minnesota—so he may claim all parties are diverse. (Dkt. 1-1 at 1.) This Court notes that the addresses of the defendants are not sufficient information to establish diversity jurisdiction. This is especially true because Mr. Siruk names one limited liability corporation ("LLC") and two business defendants of unknown corporate structure. As the *Siruk I* court stated, "the citizenship of an LLC for purposes of § 1332 is the citizenship of *each* of its members," and without allegations regarding the citizenship as to each of an LLC's members, this Court cannot conclude that complete diversity exists among the parties. *Siruk I*, No. 19-cv-1021 (NEB/SER) (Order (Dkt. 5 at 2-3)). Mr. Siruk has not provided information about the citizenship of the members of Trust Capital LLC, so he has not established diversity from this entity. For at least this reason, this Court cannot conclude that diversity jurisdiction has been established on the face of the Complaint.

In sum, because there is neither an obvious basis for federal question nor diversity jurisdiction, this Court must recommend that the case be dismissed for lack of jurisdiction. *See* Fed. R. Civ. P. Rule 12(h)(3). To the extent that Mr. Siruk intends to

---

claim for equitable relief or a contention about a traditional equitable taking would not have fit within the Seventh Amendment).

pursue claims under state common law, such as trespass, this Court recommends denying the exercise of supplemental jurisdiction over these claims because there is no federal basis for jurisdiction. *See e.g. McManemy v. Tierney*, 970 F.3d 1034, 1041 (8th Cir. 2020) (when every potential federal claim has been dismissed, multiple factors typically weigh in favor of declining supplemental jurisdiction over any remaining state-law claim); *Hervey v. County of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008). In light of the foregoing analysis, this Court must recommend dismissal of Mr. Siruk's case because he has failed to state a claim as required by §1915(e)(2)(B)(ii). Additionally, the Court recommends that the case could be dismissed for want of jurisdiction because Mr. Siruk did not establish federal jurisdiction under § 1331 or § 1332 on the face of his Complaint.

This Court additionally notes that Mr. Siruk has recently been warned about the potential consequences of filing litigation of this nature. This Court will reiterate the warning that was issued in *Siruk VI* and echoed in *Siruk III*, because it believes that this case is another of the sort that could ultimately result in a filing ban. *See Siruk VI*, 20-cv-2385 (NEB/TNL) (Dkt. 3 at 9-11); *Siruk III*, 20-cv-2269 (PJS/HB) (Dkt. 4 at 7-8). Mr. Siruk is encouraged to exercise caution before he institutes future litigation of this nature. "The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process. These restrictions may be directed to provide limitations or conditions on the filing of future suits." *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (quotation and citation omitted). Individuals who file a large volume of cases that are found to be

7

frivolous can be subject to partial or complete restriction of their ability to file claims without the Court's prior authorization. *See, e.g.*, *Sassower v. Carlson*, 930 F.2d 583, 584 (8th Cir. 1991) (litigant who engaged in pattern of filing frivolous claims may be ordered to obtain court-approval before filing future lawsuits); *see also Slayton v. Mower Cty. Sheriff's Office*, No. 19-cv-1294 (DWF/TNL), 2020 WL 736683, at *4-5 (D. Minn. Jan. 29, 2020) (recommending filing restriction on a frivolous litigant), *report and recommendation adopted*, 2020 WL 733105 (D. Minn. Feb. 13, 2020) (imposing restriction). Monetary sanctions may also be imposed. *See, e.g.*, *City of Shorewood v. Johnson*, No. 11-cv-374 (JRT/JSM), 2012 WL 695855, at *4 (D. Minn. Mar. 5, 2012) (filing restriction and award of fees and costs); *Heimermann v. Ramp*, No. 01-cv-437 (ADM/AJB), 2001 WL 1628739, at *2 (D. Minn. Sept. 6, 2001) (filing condition and $750.00 sanction).

Since approximately mid-April 2019, the Siruks have collectively filed nine cases, including this one.[4] This is now the third case the Mr. Siruk has filed where dismissal has been recommended on the same or similar grounds. *See generally Siruk II R&R*, 2020 WL 6435033; *Siruk III R&R*, *Siruk VI R&R*. If it is determined that some or all of *Siruk V* and *VII* through *IX* are frivolous or fail to state a claim, or if Mr. Siruk persists in filing frivolous or baseless litigation in the future, he may be subject to restrictions on his ability to initiate new litigation in this District and/or other appropriate sanctions.

---

[4] *See supra* footnote 1.

Based on the filings herein, **IT IS RECOMMENDED THAT**:

1. The case be **DISMISSED** without prejudice for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

2. The application to proceed *in forma pauperis* [ECF No. 2] be **DENIED** as moot.

Dated: February 1, 2021              *s/Elizabeth Cowan Wright*
                                     ELIZABETH COWAN WRIGHT
                                     United States Magistrate Judge

# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).