# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| PETRO SIRUK,<br><br>Plaintiff,<br><br>v.<br><br>PAUL KENDALL, ERICK MCALLISTER, TODD FRISINGER, ASSURANCE PARTNERS a/k/a TRUST CAPITAL, NORTH MILL EQUIPMENT FINANCE a/k/a ESF CREDIT, and QUALITY TRUCK CARE CENTER,<br><br>Defendants. | Civil No. 20-2270 (JRT/ECW)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING THE COMPLAINT |

Petro Siruk, 12410 Rolling Ridge Road, Becker, MN 55308, *pro se*.

Plaintiff Petro Siruk commenced this action on November 2, 2020 by filing a Complaint, (Docket No. 1), and an application to proceed without paying fees or costs, also known as an application to proceed *in forma pauperis* ("IFP"), (Docket No. 2.) On February 1, 2021, the Magistrate Judge recommended dismissing the Complaint for failure to state a claim and denying the IFP application as moot. (Report & Recommendation ("R&R"), Feb. 1, 2021, Docket No. 4.) Siruk timely objected to the R&R. (Response to R&R, Feb. 10, 2021, Docket No. 5.) Based on a de novo review of the Complaint and IFP application, Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3), the

Court will overrule Siruk's objections, adopt the Magistrate Judge's R&R, deny the IFP application, and dismiss the action.

Where a litigant has filed an application to proceed without paying fees or costs, the Court shall dismiss the complaint if it determines that the action fails to state a claim on which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  A complaint fails to state a claim when it lacks factual allegations that allow the Court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court accepts allegations as true to determine whether a complaint states a claim to relief that is plausible on its face.  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).  When a plaintiff proceeds pro se, the Court construes the complaint liberally, but the complaint must allege sufficient facts to support a claim.  *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

As the Magistrate Judge explained in detail, Siruk's Complaint is devoid of any factual allegations which plausibly state a claim for relief.  It appears that Siruk primarily alleges that trespass occurred through the "sharing [of] private property in [the] form of private personal information without prior . . . consent . . . or approval."  (Compl. at 1.) However, the Complaint does not explain which Defendants shared his personal information, or how, where, or with whom those Defendants shared it.  Siruk's Objection that the "Defendant's actions or inactions caused harm to the plaintiff," (Response to R&R at 1), does nothing to ameliorate the allegations' deficiencies.  Additionally, the legal basis

for any claim or claims is unclear, as are the precise claims asserted against each Defendant. The Complaint therefore fails to state a plausible claim because it lacks requisite specificity, even construed liberally and with all inferences drawn in Siruk's favor, and shall be dismissed under § 1915(e)(2)(B)(ii).[1]

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objection to the Report & Recommendation [Docket No. 5] is **OVERRULED;**

2. The Report & Recommendation [Docket No. 4] is **ADOPTED;**

3. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Docket No. 2] is **DENIED as moot**; and

4. The Complaint [Docket No. 1] is **DISMISSED without prejudice.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

---

[1] The Court also notes that Siruk failed to assert a basis for jurisdiction in the Complaint. Although Siruk explains in his Objections to the R&R that he asserts diversity jurisdiction pursuant to 28 U.S.C. § 1332 and alleges there is diversity of citizenship among him and individual Defendants Kendall, McAllister, and Frisinger, he does not allege diversity among the entity defendants. Irrespective of whether Siruk's clarification is sufficient to provide a basis for jurisdiction, the Complaint will be dismissed for failure to state a claim.

DATED: April 1, 2021　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
at Minneapolis, Minnesota.　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　　　United States District Court